## SHITZ v. BERKS COUNTY.

The legislature have the power to tax the property, real and personal, of the citizens of this Commonwealth, for the purpose of raising "additional revenue, to be applied towards the payment of interest and the extinguishment of the debts of the Commonwealth," created by her system of internal improvements; and every owner of real estate is bound to pay such part of the state tax as is assessed on his said estate, under the several acts of Assembly, for the uses aforesaid.

The owner of real estate, who derives his title from the Commonwealth, by virtue of a patent under the 10th section of the act of the 9th of April, 1781, is not exempted from the payment of the state tax assessed on his said estate, and which is to be applied towards the payment of interest and the extinguishment of the debts of the Commonwealth, contracted by her system of internal improvements, by force of any contract between the state and himself, under the 11th section of said act.

IN error from the Court of Common Pleas of Berks county.

*June* 19. Case stated for the opinion of the court below, in which John Shitz was plaintiff and the Commissioners of Berks county defendants.

The facts, as well as the question submitted for decision, are disclosed in the case stated, which was as follows:—

The commissioners of Berks county, in pursuance of the several acts of Assembly, providing for the taxation of real and personal estate in the Commonwealth of Pennsylvania, for the purpose of raising additional revenue to be applied towards the payment of the

interest and the extinguishment of the debt of the Commonwealth, created by her system of internal improvements; issued the precept to the collector of taxes for Heidelberg township, to collect state taxes, under said several acts. The collector, in pursuance of his authority, made a seizure of the personal property of the plaintiff, for the payment of state tax, assessed on his real estate, situated in said township. The plaintiff is the owner of said real estate, thus assessed, by regular chain of title from the Commonwealth, by patent granted in pursuance of the 10th section of the act of 1781.

The question for the decision of the court is, whether the plaintiff, under the facts above stated, and the acts of Assembly referred to, is bound to pay the state tax assessed as aforesaid; if so, then judgment to be entered in favour of defendants, otherwise, judgment for plaintiff. Each party reserving the right of suing out a writ of error to the judgment.

The court, on the 14th of April, 1844, rendered judgment in favour of the defendants; whereupon the plaintiff sued out this writ of error, and assigned the judgment of the court for error here.

*Jones* and *Hoffman*, for plaintiff in error, argued, that under the facts in the case stated, there was a *contract* between the state and plaintiff, by force of the act of 1781, sections 10th and 11th.

If so, this contract was impaired by the late acts, imposing a tax for the payment of the interest or principal of a debt created for internal improvements. They are not the incidents of government under which an implied obligation can be raised, binding on the plaintiff to pay.

If the points above stated be correct, then the late acts are void, as to the tax levied on plaintiff's land, held under the said grant. Constitution U. S. art. 1, sec. 10; Green *v.* Biddle, 8 Wheat. 84, 92; Society *v.* New Haven, Ibid. 464; Dartmouth College *v.* Woodward, 4 Wheat. 518; Sturges *v.* Crowninshield, 4 Wheat. 122; Indiana and Ebensburg Turnpike Co. *v.* Phillips, 2 Penna. Rep. 184.

They admitted the power of the legislature to tax the property of the citizens generally, for the construction of internal improvements; but contended for the exemption of plaintiff's lands, by force of the contract with the state, created under the act of 1781, to hold it free and clear of all encumbrances, except for the *necessary* and *ordinary* expenses of government. If this be not so, then the plaintiff's land may be taxed to its full value.

*Filbert* and *Smith*, contrà, were stopped by the court.

*June* 21.    BURNSIDE, J.—The Common Pleas, on the case stated, were strictly correct in rendering judgment for the defendants. How the plaintiff could have conceived that he was not bound to pay his proportion of the public burdens, I am at a loss to understand.    His own representatives commenced the system of internal improvement, and justly to maintain the faith of the Commonwealth, passed the law authorizing the laying of the tax.    What right, then, has he to complain ?    There is nothing in the argument and cases cited on the paper book, that would justify the court in deciding as the plaintiff desires.    The connection of the eastern with the western waters was a noble act of legislative wisdom.    It was such men as the plaintiff, who were the cause of the increased debt. . They resisted all improvement.    They were behind the age ; and the friends of the main line were obliged to resort to branches to insure the completion of the canal and railroad from Philadelphia to Pittsburg.    If the people be honest and faithful to the Commonwealth, the debt is nothing.    The improvements will pay all the expenses of their construction.    They have more than done it already, by adding millions to the wealth of the state, and in the development of our mineral treasures.    Shitz would repudiate the state debt.    He refuses to contribute his mite to maintain the faith of this great and prosperous Commonwealth.    If that should happen, to be a Pennsylvanian would be a disgrace in the opinion of every honest man, and in every honest community.    We will save the integrity of the state, and at the same time the plaintiff, from his own course of folly.                        Judgment affirmed.